UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA NAUNHEIM-HIPPS and JACK HIPPS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:04CV1063 HEA |
| BECTON DICKINSON AND COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

# OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion Pursuant to Rule 41(a)(2) for Voluntary Dismissal without Prejudice, [# 26]. Defendant opposes dismissal.

Rule 41(a)(2) provides, *inter alia*,

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

"'It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court.'" *Great Rivers Co-op. of Southeastern Iowa v. Farmland Industries, Inc.,* 198 F.3d 685, 689 (8th Cir.1999) (quoting *United States v. Gunc,* 435 F.2d 465, 467 (8th Cir.1970)). "In exercising that discretion, a court should consider factors such

as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 950 (8th Cir.1999) (internal citations omitted). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987).

Defendant has indeed filed a Motion for Summary Judgment, however, the motion is based on the assumption that plaintiffs experts should be stricken. Plaintiffs seek additional time to submit expert reports. Assuming that the additional time would be granted and the experts filed their reports, defendant's Motion would be moot. Thus, it appears that the motion to dismiss is not intended to avoid an adverse ruling, rather it is a recognition that plaintiffs are in need of additional time to prosecute their claims. Likewise, the dismissal does not result in a waste of judicial time and effort because allowing the dismissal will allow plaintiffs to secure the preparation needed without seeking leave of court to do so.

The Court has considered the *Paulucci* factors and finds that dismissal is the most expeditious approach to resolution of this matter. The Court, however, is cognizant of defendant's desire to resolve the matter to and bring it to conclusion. With that in mind, the following conditions shall apply to this dismissal. In the event that plaintiffs refile this action, the refiling shall be in this Court only, and all discovery obtained to date shall apply in any refiled action. The Court reminds plaintiffs of their obligations under the Federal Rules of Civil Procedure and admonishes them to adhere the provisions therein.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Voluntary Dismissal without Prejudice, [# 26], is granted, with the conditions set forth herein, and this matter is dismissed.

Dated this 17th day of June, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE